UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
GEODIS USA, INC.                        )   Civil Action No.
                                        )
            Plaintiff,                  )   **DECLARATORY JUDGMENT**
                                        )   **COMPLAINT**
     -against-                          )
                                        )
HANJIN SHIPPING CO., LTD.,              )
                                        )
            Defendant.                  )
---------------------------------------------------------------x

Plaintiff, Geodis USA, Inc. ("Plaintiff" or "Geodis"), by and through its attorneys, Cozen O'Connor, as and for its Complaint for Declaratory Judgment against the Defendant, Hanjin Shipping Co., Ltd. ("Defendant" or "Hanjin"), alleges upon information and belief as follows:

PRELIMINARY STATEMENT

1. This is an action arising under the Declaratory Judgment Act and maritime laws of the United States that concerns an outdated and untimely claim by Hanjin for allegedly unpaid freight, detention and/or demurrage charges purportedly owed by Barthco International, Inc. ("Barthco"), a predecessor entity absorbed by Geodis (the "Claim").

2. Geodis seeks a declaratory judgment that the Claim is barred by the doctrine of laches.

JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333 and Federal Rule of Civil Procedure 9(h), as it concerns certain maritime contracts, and

pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, and pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, based on an actual controversy between Plaintiff and Defendant, as detailed herein.

4. This Court has personal jurisdiction over the parties pursuant to the consent of the parties under the terms of the certain maritime contracts which are the subject of this action, as detailed herein.

5. Venue is proper in this judicial district pursuant to the consent of the parties under the terms of the certain maritime contracts which are the subject of this action, as detailed herein.

## THE PARTIES

6. Plaintiff Geodis is a Pennsylvania limited liability company with a main office located at 5101 South Broad Street, Philadelphia, PA 19112. Geodis changed its company name from "Geodis USA, Inc." to "Geodis USA, LLC" effective January 1, 2021.

7. Barthco is a predecessor company that was absorbed by Geodis via name change, legal merger and a re-branding process completed on September 1, 2016. OHL International was a trade name used by Barthco.

8. For the purposes of this matter, Geodis stands in the shoes of Barthco and OHL International.

9. Defendant Hanjin was a marine transportation services company organized and existing under the laws of South Korea with a principal office located in Seoul, Korea. As is further discussed below, Hanjin has been a bankrupt entity since the late summer of 2016.

## FACTS

10. Hanjin alleges that Barthco, or Geodis as Barthco's successor, owes Hanjin approximately $482,573.00 in unpaid freight and/or detention or demurrage charges (the "Claim").

11. The Claim apparently stems from Hanjin's transportation of containers for Barthco immediately before Hanjin's August 31, 2016 bankruptcy.

12. The Claim is for freight on containers that were not delivered by Hanjin but instead were abandoned at various ports around the world when Hanjin ceased operations.

13. While records are incomplete and there appear to be no witnesses, available records indicate Geodis incurred significant expenses in retrieving containers abandoned by Hanjin and delivering them to their intended destinations.

14. Hanjin has taken no action to pursue the Claim other than sending Barthco, now Geodis, two demands for payment as detailed further herein.

15. Geodis has not paid the Claim because it does not believe any amounts are due to Hanjin, but the passage of time and the fact that this is a claim against a predecessor company now make any investigation difficult if not impossible because there are limited documents and no witnesses.

16. The standard for determining whether the Claim is timely is the doctrine of laches, under which Hanjin's Claim is clearly untimely, having expired sometime in 2018.

*Correspondence Between Hanjin, Geodis and Barthco*

17. After Geodis retrieved the containers abandoned by Hanjin (i.e., commencing September 1, 2016), it heard nothing about any outstanding freight charges.

18. Approximately eighteen (18) months later, by letter dated March 9, 2018 (the "2018 Letter"), Hanjin wrote to "Barthco International/OHL International" and alleged that Barthco owed "outstanding ocean freight charges ($478,073) and detention charges ($7,105)" as well as unspecified demurrage charges. The 2018 Letter demanded payment of $485,908.00, advised that it was a "final notice" requiring payment within fourteen days of the date of the 2018 Letter, and reserved the right "to take all available legal actions to prosecute its claim to recover the debt" if there was no response within the designated time limit. A true and accurate copy of the 2018 Letter is attached hereto as Exhibit 1 (it is not known if the listed attachments were also sent or received).

19. Seeing no basis for liability to Hanjin, Geodis did not respond to the 2018 Letter.

20. Upon information and belief, Hanjin did not take any action after the 2018 Letter until recently.

21. Nearly four and a half years after the Claim allegedly accrued, Hanjin wrote Barthco by letter dated February 3, 2021 (the "2021 Letter"), this time seeking "$482,573.00 in unpaid detention and demurrage for shipments carried and delivered by Hanjin Shipping through 2016". The 2021 Letter proposed the appointment of an arbitrator and advised that Hanjin looked "forward to receiving your soonest response to resolve the outstanding sum owed and, if this dispute cannot be resolved, your confirmation to the nominated arbitrator or your own nomination

for our review".  The 2021 Letter attached: (i)  an unsigned Amendment No. 17 dated August 15, 2016 to Service Contract No. AEF166288 between Hanjin and Cargo Container Line Limited (the "Service Contract"); (ii) a copy of Hanjin's Bill of Lading Terms and Conditions (the "BOL Terms"); and (iii) the allegedly unpaid bills of lading (the "BOLs").  A true and accurate copy of the 2021 Letter is attached hereto as Exhibit 2.  A true and accurate copy of the Service Contract annexed to the 2021 Letter  is attached hereto as Exhibit 3.  A true and accurate copy of the BOL Terms annexed to the 2021 Letter is attached hereto as Exhibit 4.  True and accurate copies of the BOLs annexed to the 2021 Letter are attached hereto as Exhibit 5.

22. In response to the 2021 Letter, Geodis replied by letter dated February 16, 2021 (the "February 2021 Letter"), seeking time to investigate the Claim internally.  A true and accurate copy of the February 2021 Letter is attached hereto as Exhibit 6.

23. By letter dated April 5, 2021 (the "April 2021 Letter"),  Geodis informed Hanjin that the investigation into the Claim did not yield significant insight because Barthco is a predecessor entity that was absorbed by Geodis approximately four and a half years before the April 2021 Letter was sent (the BOLs all name Barthco or an OHL entity as either Shipper or Consignee), the passage of time meant that only limited and fragmented records of container movements, charges and payments from 2016 remain available, and Geodis did not locate any witnesses personally familiar with the Claim.  A true and accurate copy of the April 2021 Letter is attached hereto as Exhibit 7.

24. Geodis also informed Hanjin in the April 2021 Letter, *inter alia*, that, under the doctrine of laches, Hanjin's claim was time-barred and expired sometime in mid-2018, if not sooner.  *See* Ex. 7.

5

25.     Geodis directed Hanjin to case law holding that "[t]he equitable doctrine of laches has immemorially been applied to admiralty claims to determine whether they have been timely filed." *See* Ex. 7 (citing *DeSilvio v. Prudential Lines*, 701 F.2d 13 (2d Cir. 1983).

26.     Geodis further advised Hanjin in the April 2021 Letter, *inter alia*, that there "is no written agreement to arbitrate between the parties and, even if the Service Contract meets the written agreement requirement, the BOL Terms provide that '[t]o the extent of any actual inconsistency between tariff and this Bill of Lading, the terms of this Bill of Lading shall control to the fullest extent permitted by law'". *Id.*

27.     Nevertheless, Hanjin has continued to insist that the Claim is timely and is governed by the arbitration clause.

28.     Hanjin has not brought an action to compel arbitration, and so Plaintiff has been forced into the plaintiff's role to resolve this issue.

*Hanjin's Bankruptcy*

29.     Hanjin filed for receivership in South Korea on August 31, 2016, and, on September 2, 2016, filed a Chapter 15 action in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") under docket number 16-bk-27041 (JKS) (the "Chapter 15").

30.     The Chapter 15 Court recognized Hanjin's Korean bankruptcy in a Final Recognition Order dated December 14, 2016 (the "Recognition Order"), which enjoined all entities from "commencing or continuing an individual action or proceeding within the territorial jurisdiction of the United States concerning Hanjin, the Hanjin Assets, or Hanjin's rights,

obligations, or liabilities".  A true and correct copy of the Recognition Order from the Chapter 15 docket is attached for the Court's ease of reference as Exhibit 8.

31. Plaintiff has moved the Bankruptcy Court for relief from the Recognition Order to the extent it prohibits Plaintiff from bringing the instant declaratory judgment action seeking to find the Claim time-barred.  Attached as Exhibit 9 is a true and correct copy of Plaintiff's Motion to Lift the Automatic Stay in the Chapter 15.

32. In an order dated September 9, 2021 ("Order"), the Bankruptcy Court granted Plaintiff the following relief from the Recognition Order: (i) granting Geodis relief from the Recognition Order and the automatic stay thereunder to allow Geodis to file and pursue this action; and (ii) denying and overruling on the merits all objections to the entry of the Order.[1]  Attached as Exhibit 10 is a true and correct copy of the Order.

### AS AND FOR A FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT THAT THE CLAIM IS BARRED BY THE DOCTRINE OF LACHES

33. Geodis repeats and re-alleges each and every allegation in paragraphs 1 through 32 with the same force and effect as if set forth at length herein.

34. By reason of the foregoing, including Hanjin's threatening legal action in the form of an arbitration against Geodis over payment of the Claim, which Geodis maintains is barred by the doctrine of laches, Geodis presents an actual justiciable controversy for adjudication by this Court.

---

[1] Hanjin brought a motion to compel arbitration, which was denied by the Bankruptcy Court without prejudice.

35. The factors determining whether the Claim is time-barred are: (1) the analogous statute of limitations; (2) whether plaintiff delayed in filing her claims; and (3) whether the delay, if any, unfairly prejudices defendant.

36. The analogous statute of limitations to determine the timeliness of Hanjin's Claim is eighteen (18) months.

37. The Claim accrued by October 1, 2016 because all of the BOLs are dated at least 30 days prior to this date, and Defendant has delayed by failing to bring any claims within eighteen (18) months of this date.

38. Geodis has been prejudiced by the passage of time because the Claim is against Barthco, a predecessor company absorbed by Geodis on September 1, 2016, there are limited documents available to determine the merits of the Claim, and there are no known witnesses.

39. A declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities, if any, that exist between the parties with respect to the Claim.

40. Accordingly, Geodis has standing to and does seek a declaration from this Court that the Claim is barred by laches.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court issue an order and judgment in favor of Plaintiff Geodis USA, Inc. and against Defendant Hanjin Shipping Co., Ltd. as follows:

a. Declaring that the Claim is barred by the doctrine of laches; and

b. Such other, further and different relief as the Court may deem just and proper in law and equity.

Dated: New York, New York

September 24, 2021

                                                   Respectfully submitted,

                                                   COZEN O'CONNOR

By:    */s/ Neil Quartaro*
         Neil Quartaro, Esq.
         Cozen O'Connor
         3 WTC
         175 Greenwich Street, 55th Floor
         New York, New York 10007
         (212) 453-3934
         nquartaro@cozen.com

         *Attorneys for Plaintiff Geodis USA, Inc.*