# EXHIBIT 7



April 5, 2021

**Neil Quartaro**
Direct Phone   212-453-3934
Direct Fax 646-588-1576
nquartaro@cozen.com

**VIA E-MAIL ONLY**

Wook Chung, Esq.
Montgomery McCracken
437 Madison Avenue
New York, NY 10022
Email: WChung@mmwr.com

Re:   Hanjin Shipping Co. Ltd. ("Hanjin") Claim

Dear Mr. Chung:

We write in response to your letter dated February 3, 2021 (the "2021 Letter") alleging that Barthco International, Inc. ("Barthco") owes Hanjin $482,573.00 in "unpaid detention and demurrage from shipments carried and delivered by Hanjin through 2016" (the "Claim").[1] Hanjin alleges the Claim is governed by Service Contract No. AEF166288 dated 8/15/2016 (the "Service Contract") between Hanjin and Barthco and that disputes must be arbitrated before a single arbitrator under the rules of the Society of Maritime Arbitrators ("SMA"). The 2021 letter included copies of the allegedly unpaid bills of lading (the "BOLs").

Thank you providing us with time to investigate the Claim. Unfortunately, this investigation has not been particularly fruitful, largely because: (i) Barthco is a predecessor entity absorbed by Geodis USA, Inc. ("Geodis") via name change, legal merger and a re-branding process on September 1, 2016 (the BOLs all name Barthco International or an OHL entity as either Shipper or Consignee); and (ii) due to the passage of time, only limited and fragmented records of container movements, charges and payments from 2016 remain available. Moreover, Geodis has not located any witnesses personally familiar with this matter. We understand Hanjin also does not have any additional documents or witnesses.

The passage of nearly 5 years since the events surrounding the claim and Geodis' difficulty in learning the underlying facts mean that the Claim is time barred. As you know, in admiralty

---

[1] We understand the Claim actually consists of unpaid freight charges and there is an additional approximately $18,000 in detention and demurrage charges that Hanjin would seek if the matter goes forward. We are not clear on what shipments these charges relate to, but note docket entry 320 in Hanjin's U.S. Chapter 15, which precludes Hanjin from assessing detention charges for the failure to timely return any containers or chassis (docket 320). Any further light that Hanjin can shed on this claim would be appreciated.

Wook Chung, Esq.
April 5, 2021
Page 2

_____

actions courts employ the equitable doctrine of laches to determine the timeliness of claims. *See DeSilvio v. Prudential Lines*, 701 F.2d 13, 15 (2d Cir. 1983). This requires a court to consider the analogous statute of limitations, whether plaintiff delayed in filing the claims, and whether the delay unfairly prejudices defendant.

The analogous statute of limitations is provided by the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C.A. § 14705. The ICCTA contains a limitations period of its own and prescribes a statute of limitations of eighteen (18) months for actions relating to transportation services. *TAG/ICIB v. Pan American Grain Co., Inc.*, 215 F.3d 172, 176 (1st Cir. 2000). Hanjin's time for suit therefore expired sometime in mid-2018, if not sooner.

There is no question that the delay between the accrual of the claim in late 2016 and the commencement of any action in 2021 is highly prejudicial to Geodis. Geodis no longer has all of the records from Barthco, such as payment and delivery records. In fact, neither Geodis or Hanjin can even determine which of the containers covered by the BOLs were delivered and which were not. The lack of witnesses with direct knowledge of the Claims or containers covered by the BOLs means that there is no one to testify on the substance of the Claims. We do not see how the Claim can be pursued or defended in such a circumstance.[2]

The SMA is without jurisdiction in this matter. There is no written agreement to arbitrate between the parties and, even if the Service Contract meets the written agreement requirement, the BOL provides that "[t]o the extent of any actual inconsistency between tariff and this Bill of Lading, the terms of this Bill of Lading shall control to the fullest extent permitted by law". The BOL Terms apply federal maritime law and, where applicable, New York law, and the parties agree to submit to jurisdiction in New York. In light of this, we think a district court considering the matter will find that there is not an arbitration agreement between the parties and that, even if the Service Contract applies, the BOL terms control.

We are aware of the BOL and Service Contract language purporting to entitle Hanjin to freight even if it abandons the voyage. However, in addition to the patently inequitable nature of such a claim, we point out that an earned freight clause does not give a carrier an unqualified right to abandon a voyage and retain the freight. *See, e.g., Louis Dreyfus Corp. v. 27946 Long Tons of Corn*, 830 F.2d 1321 (5th Cir. 1987); *Amoco Transport Co. v. S/S MASON LYKES*, 768 F.2d 659 (5th Cir. 1985); *Mare Schiffahrtskontor v. M/V OCEAN HAVEN*, 763 F.2d 633 (4th Cir. 1985).

No matter what forum Hanjin proceeds in, recovering on this Claim will be difficult, if not impossible, because there are no witnesses and few documents. The long time between the accrual of this claim and Hanjin's commencement of proceedings has made it nearly impossible for Geodis to discover what happened at the predecessor company Barthco.

_____

[2] Geodis has located limited records indicating that Hanjin's insolvency stranded at least some of the containers covered by the BOLs. Completing delivery of these containers forced the shipper to incur mitigation costs of at least $388,145.65. We understand that Hanjin was notified of these costs in November, 2016, but did not respond to or dispute them. If this matter is pursued, Geodis will seek to offset any liability it may have with these costs of mitigation.

Wook Chung, Esq.
April 5, 2021
Page 3

_____

Nevertheless, we recognize that there is some litigation risk in defending the Claim on the facts as they appear presently.  We invite you to consider our separate correspondence of even date in this regard, and invite you to respond to our points above.  Of course, if Hanjin can offer any additional evidence about the Claim we will consider it.

Sincerely,

COZEN O'CONNOR

By:   Neil Quartaro

NQ